COURT OF APPEALS, JUNE TERM, 1822.

A. & E. JOHNS vs. STOOPS, et al.

A. B. by his will directed that his three grandsons should be educated until 21 years of age, out of the profits of his real estate under the direction of his executors, and charged his real estate with the expense of their education. This direction not being complied with, they filed their bill, 16 years afterwards, against the devisees in the will, to recover as compensation for the injury they had sustained, as much money as ought to have been applied to their education under the provisions of the will, to have been applied to their education on——Bill dismissed

APPEAL from Chancery. On the 26th of April 1792, *Alexander Baird*, by his will, directed that his three grandsons, (two of whom were the complainants, and now appellants, the other being dead,) should be educated out of the profits of his real estate, under the direction of his executors, until they arrived to the age of 21 years; and he charged such estate with the expense of their education. This direction not being complied with, the appellants filed their bill on the 12th of January 1808, against the devisees, in the will, to recover as compensation for the injury they had sustained, as much money as ought to have been applied to their education under the provisions of the will. They alleged, that the devisees had not contributed in any manner to their education, but that they had hitherto been educated at the sole expense and charge of their own estate. They prayed that the said real estate be sold, &c. or that the devisees be decreed to pay such sum as should seem reasonable for their education; or that they might have such other and further relief as the nature and circumstances of their case might require. On coming in of the answers, and the return of testimony taken under commissions, the chancellor, by agreement of the parties, decreed that an account between the parties be taken by the auditor, reserving all equity, &c. The auditor reported a balance due to *A. Johns* of $6870, with interest on $2875 from the 21st of November 1818; and a balance due to *E. Johns* of $7205, with interest on $3500 from the same time. The defendants excepted to the auditor's report on various grounds. The cause was argued by counsel, and submitted.

KILTY, Chancellor, (December term 1818.) This is a case of much difficulty, owing to the uncertainty as to the kind of education intended by the testator, and to the nature of the testimony. The proper course, after the death of the testator, would have been to apply to this court to direct the sums of money to be paid from the profits of the real estate. Supposing (as that was not done,) that the complainants are entitled now to such reasonable sums as should have been raised, with interest, a question will arise, whether there is sufficient testimony to enable the court to ascertain and determine the amount. I do not, however, recollect any case similar to the present, that is, where the suit was brought after the time for accomplishing the object had elapsed. The prayer of relief in the bill was not carefully made. It should have been for an account of the profits of the real estate, as well as for the sale thereof to raise the sums due. There is, however, a prayer for general relief. One of the allegations in the bill, of the complainants having been educated at the sole expense and charge of their own estate, is not proved. At least there is no evidence of actual disbursements so as to support a claim for repayment. The accounts stated by the auditor are founded on the testimony of Doctor *James Scanlan,* who estimates the expense of tuition and boarding at $250 for each, for the three years next ensuing the death of *A. Baird.* This would be a very moderate estimate if it could be shown that the testator designed a liberal or professional education, or that the board or maintenance of his grandsons was intended to be charged on his real estate. This does not appear, and the presumption is rebutted by his declarations, as proved by *W. Bordley,* that he had already done a great deal, that that was his will, and he could do no more; and also by the unequal burthen which would have been thrown on his other devisees. The smaller sums stated by the auditor for consideration would appear more reasonable, but the testimony of Doctor *Scanlan* would not bear that construction. The argument turned chiefly on the question, whether the complainants were entitled to any sum, more than on the amount, although exceptions had been filed to the auditor's report. And it was not shown that the objection made by him of the want of testimony from which the sum due could be apportioned to the defendants, was unfounded or unimportant. Although

JUNE 1822. justice may require that the complainants should receive an equivalent for the benefits which was intended by the testator, I cannot, on the present proceedings, make a satisfactory decree in their favour. *Decreed*, that the bill be dismissed, but without costs. The complainants appealed to this court.

Hughes
vs
Sellers

The cause was argued at June term 1821, before BUCHA-NAN, EARLE, JOHNSON, MARTIN, and DORSEY, J.

*Stephen*, for the appellants, contended, that the suit could be sustained. He cited *Blair vs. Owles*, 1 *Munf.* 38. *Greenwell vs. Greenwell*, 5 *Ves.* 199. *Shobe vs. Carr*, 3 *Munf.* 20; and 2 *Brid. Index*, 215, pl. 494.

*Winder* and *Chambers*, for the appellees.

*Curia adv. vult.*

At this term

DECREE AFFIRMED.